UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL STEVEN SPRETER,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>Defendant. | Case No.17-cv-04321-JD<br><br>**ORDER RE SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 15 |

Plaintiff Spreter challenges a decision by a Social Security Administration administrative law judge ("ALJ") that denied his application for disability coverage. The parties filed cross-motions for summary judgment. Dkt. Nos. 15, 16. Defendant's motion is granted and plaintiff's is denied.

The parties' familiarity with the record in this case is assumed. In pertinent part, the largely undisputed facts show that Spreter is a veteran of the United States Navy who injured his back in a shipboard fall in 2008. AR 336. At the time of his application for disability coverage, he presented with a range of physical conditions that included obesity, back muscle and spine pain, shoulder pain, neck pain, and some upper body limitations on range of motion. *Id*. He was advised to lose weight and received counseling from a dietitian. AR 341-44. He was also advised to pursue physical therapy and mental health treatment, but frequently declined treatment or failed to appear. *See, e.g.* AR 338, 374-76, 387, 1275, 1300. Medical records indicate that he ambulated without assistive devices at medical appointments, and was found to present no risk of falling from gait or balance abnormalities. *See* AR 337, 379, 441.

Spreter presented with mental health conditions that included depression and anxiety. *See* AR 329. He denied any suicidal ideation. AR 367. The record indicates that Spreter missed

scheduled mental health treatment appointments. *See, e.g.*, AR 387, 399-401.

As the ALJ recognized, there is no question that Spreter faces several physical and psychological challenges. AR 17. The ALJ recognized that these challenges caused "significant functional limitations." *Id*. Nevertheless, the ALJ found that Spreter could perform light work that avoided certain overhead lifting and other movements, and was limited to simple tasks with occasional public contact. AR 19.

Spreter has not demonstrated any persuasive reason to set aside the ALJ's decision. In our circuit, an ALJ's decision to deny benefits "will only be disturbed if it is not supported by substantial evidence or it is based on legal error" that is not harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation and citation omitted). Spreter says that the ALJ downplayed or ignored the full extent of his conditions, but the record shows otherwise. Spreter relies mainly on his own statements about his pain and mobility, which the ALJ found to be exaggerated in light of his medical records. AR 20-22. For example, Spreter says he requires a wheelchair and other assistive devices to move around, but the record indicates he was able to ambulate independently, and no physician appears to have ordered use of a wheelchair. AR 21, 379. The ALJ also noted that Spreter's history of declining or failing to pursue recommended courses of treatment called into question the severity of his symptoms. AR 22.

Spreter contends the ALJ did not properly weight the opinions and reports of treating and consultative healthcare providers. To the contrary, the ALJ spelled out exactly how much weight each opinion was accorded, and the specific reasons why some opinions were afforded greater weight than others. AR 23-25. In each case, the ALJ cited objective reasons for the weight determinations.

Those are Spreter's main grounds for challenging the decision, and they do not carry the day. His suggestion that the vocational expert testified on the basis of an incomplete hypothetical essentially repeats his overall challenges to the sufficiency of the evidence and the ALJ's credibility determinations, and is not well taken for that reason. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

Consequently, Spreter's motion is denied and summary judgment is granted for defendant. Each side will bear its own costs and attorney's fees.

**IT IS SO ORDERED.**

Dated: September 6, 2018

JAMES DONATO
United States District Judge